UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CEMCO, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>KPSI INNOVATION, INC. et al.,<br><br>               Defendants,<br><br>    v.<br><br>MARKOWITZ HERBOLD PC et al.,<br><br>               Garnishees. | CASE NO. 2:25-mc-00028-LK<br><br>ORDER DENYING APPLICATIONS FOR WRITS OF GARNISHMENT |

      This matter comes before the Court on Plaintiff CEMCO, LLC's Amended Applications for Writ of Garnishment for property in which Defendants/Judgment Debtors Serina Klein, Kevin Klein, and James Klein are believed to have a substantial nonexempt interest and which may be in the possession, custody, or control of Garnishee Markowitz Herbold PC, Dkt. Nos. 24–26; and Applications for Writ of Garnishment for property in which the same Defendants/Judgment Debtors are believed to have a substantial nonexempt interest and which may be in the possession,

custody, or control of Garnishees KPSI Innovation, Inc., Dkt. Nos. 27–29; and Tetra Tech, Inc., Dkt. No. 30.

On August 5, 2025, this Court requested supplemental briefing concerning earlier Applications for Writ of Garnishment concerning Garnishee Markowitz Herbold, Dkt. Nos. 17–19. Dkt. No. 20. Specifically, the Court noted that the "proposed writs use[d] the form provided in Section 6.27.105 of the Revised Code of Washington, which applies to writs for a continuing lien on earnings" and "appear[ed] to be inapplicable here[.]" *Id.* at 2. Accordingly, the Court requested that CEMCO either "submit supplemental briefing . . . addressing whether a continuing lien on earnings form is proper here" or "file amended applications for writs of garnishment using the regular form provided in Section 6.27.100 of the Revised Code of Washington." *Id.* CEMCO elected to submit Amended Applications for Writ of Garnishment against Garnishee Markowitz Herbold. Dkt. Nos. 24–26. Because these amended applications correct the error in the earlier iterations of the applications, the Court denies as moot the earlier applications. Dkt. Nos. 17–19.

CEMCO's amended applications, Dkt. Nos. 24–26 (against Garnishee Markowitz Herbold), and subsequently filed applications, Dkt. Nos. 27–30 (against KPSI Innovation, Inc. and Tetra Tech, Inc.), are all nevertheless defective. Specifically, the proposed Notice to Judgment Debtor attached to each of these applications fails to conform with Section 6.27.140 of the Revised Code of Washington, as required by Section 6.27.130. *See* Dkt. Nos. 24-5, 25-5, 26-5, 27-6, 28-6, 29-6, 30-6. Instead, each proposed notice incorrectly references 28 U.S.C. § 3202 as the source of the judgment debtor's rights to challenge garnishment and lists rights that are inconsistent with those listed in Section 6.27.140. Dkt. No. 24-5 at 2; Dkt. No. 25-5 at 2; Dkt. No. 26-5 at 2; Dkt. No. 27-6 at 2; Dkt. No. 28-6 at 2; Dkt. No. 29-6 at 2; Dkt. No. 30-6 at 2.

These may not be the only shortcomings with CEMCO's pending applications, but the Court need not scour the record any further. The applications are therefore DENIED without

ORDER DENYING APPLICATIONS FOR WRITS OF GARNISHMENT - 2

1  prejudice. Dkt. Nos. 24–30. CEMCO may file amended applications for writs of garnishment complying with applicable law by October 21, 2025.

The Court reiterates that "[g]arnishment is a statutory remedy that requires strict adherence to the procedures expressly authorized by statute." *Watkins v. Peterson Enters., Inc.*, 973 P.2d 1037, 1043 (Wash. 1999). The Court expects CEMCO to exercise due care in its applications for garnishment and to avoid multiplying the matters before the Court by failing to exercise such care. If CEMCO does not do so, the Court may impose sanctions. LCR 11(c); *see, e.g.*, *Locs. 302 & 612 of Int'l Union of Operating Eng'rs Constr. Indus. Health & Sec. Fund v. Barry Civ. Constr., Inc.*, No. 2:23-MC-00086-LK, 2024 WL 216545, at *1 (W.D. Wash. Jan. 19, 2024).

Dated this 8th day of October, 2025.

*Lauren King*
Lauren King
United States District Judge